UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-CR-53-KAC-CRW-2 |
| | ) | |
| ALICIA BROOKE CARVER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**
**DENYING MOTION TO REVOKE DETENTION ORDER**

Before the Court is the "Notice of Appeal to District Court of Magistrate's Detention Order" filed by Defendant Alicia Brooke Carver (Boggs) [Doc. 157]. Defendant asks the Court to release her from custody on conditions pending a supervised release revocation hearing. Under 18 U.S.C. § 3145(b), and upon de novo review, the Court denies Defendant's Motion because Defendant has not shown by clear and convincing evidence that she is not likely to flee or pose a danger to the community if released. *See* 18 U.S.C. § 3143(a)(1).

**I.  Background**

On November 19, 2024, after Defendant allegedly committed a theft crime while on supervised release, the Court issued a warrant for her arrest [*See* Doc. 136]. Defendant was brought into federal custody, and at a May 5, 2025 detention hearing, United States Magistrate Judge Cynthia R. Wyrick ordered that Defendant be detained pending her supervised release revocation hearing before the undersigned [*See* Doc. 147, *sealed]. Judge Wyrick concluded that Defendant "failed to demonstrate by clear and convincing evidence that she would not present a serious risk of flight or danger to the community if released" [*Id.* at 4, *sealed]. That determination was based in part on allegations that Defendant had committed "severe child abuse" against her

minor child [*Id.* at 3, *sealed]. Judge Wyrick identified multiple other factors too [*See* Doc. 147, *sealed].

On May 6, Defendant first filed a motion appealing that detention decision to this Court [*See* Doc. 148]. She filed a second, and the operative motion, on May 12 [*See* Doc. 157].

Then, on May 14, the undersigned issued an Amended Petition For Warrant For Offender Under Supervision [Doc. 155, *sealed]. The Amended Petition includes allegations that Defendant was previously contacted by law enforcement "for an Allegation of Severe Medical Abuse regarding her two-month-old daughter," which she did not report [Doc. 155 at 2, *sealed]. And the Amended Petition indicates that a warrant was recently issued for Defendant "for Aggravated Child Abuse under Age 8 and Aggravated Child Abuse Neglect Endangerment" and "bond appears to be set at $100,000" [*Id.* at 3, *sealed].

The Court held an initial appearance on the Amended Petition on May 20, 2025, making Defendant aware of the allegations in the Amended Petition [*See* Doc. 158]. Defendant remains detained [Doc. 159]. Defendant's "Notice of Appeal to District Court of Magistrate's Detention Order" [Doc. 157], which was filed before her Amended Petition issued, remains before the Court. The United States filed a response in opposition [*See* Doc. 153].

II. <u>Analysis</u>

18 U.S.C. § 3145(b), the applicable standard here,[1] provides that if a magistrate judge orders a defendant detained, the defendant "may file, with the court having original jurisdiction

---

[1] 18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions" by the Court "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *See* 18 U.S.C. § 3145(c). Section 3143(a)(2) and (b)(2) apply if a defendant has been found guilty of an offense in "subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." 18 U.S.C.

2

over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). The district court generally reviews the magistrate judge's order de novo and may do so without holding a further hearing. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013). A second hearing is not necessary where, as here, the material information is already in the record from the initial detention hearing [*See* Doc. 157 (relying on arguments and proof presented at the detention hearing, including "medical testimony")]. *See also* 18 U.S.C. § 3142(f); *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, at *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing).

18 U.S.C. § 3143[2] governs the release or detention of Defendant here. It provides, as relevant here, that a defendant "be detained, unless" the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community." 18 U.S.C. § 3143(a)(1). "[T]he statute does not require the government to make an initial showing of dangerousness. Rather, it presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Williams*, No. 20-14-13, 2020 WL 4000854 at *1 (6th Cir. July 15, 2020) (quoting *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)). Defendant has not met her burden.

Defendant's alleged conduct demonstrates the significant danger to the safety of others that she represents if released, even on conditions. Any "positive progress" in Defendant's child

---

§ 3143(a)(2). *See also* 18 U.S.C. § 3143(b)(2). Defendant has not been found guilty of such an offense, so she is not subject to detention pursuant to 3143(a)(2) or (b)(2). And 18 U.S.C. § 3145(c) is inapplicable here.

[2] Federal Rule of Criminal Procedure 32.1 provides that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P 32.1(a)(6).

3

welfare case is negligible—a warrant has issued, and it appears that she is now under indictment or some other criminal charging document [Doc. 155, *sealed]. Defendant's current high-risk pregnancy demands appropriate medical attention. But there is not sufficient evidence indicating that this medical attention cannot be provided while in custody. Defendants in custody are regularly taken to medical providers outside of a detention facility, while still in custody, when needed for care. Having considered the evidence at the detention hearing, including the challenges with Defendant's proposed third-party custodian, and the entire record, Defendant has not shown "by clear and convincing evidence" that she "is not likely to flee or pose a danger to the safety of any other person or the community if released." *See* 18 U.S.C. § 3143(a)(1).

### III. Conclusion

For the reasons above, the Court **DENIES** the "Notice of Appeal to District Court of Magistrate's Detention Order" filed by Defendant Alicia Brooke Carver (Boggs) [Doc. 157]. Defendant shall remain detained.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge